

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

Gerald C. Mann
~~WILL WILSON~~
**ATTORNEY GENERAL**

Hon. James E. Kilday,
Director
Motor Transportation
Division
Railroad Commission
of Texas
Austin, Texas

Opinion No. O-4429
Re: Whether the described motor
carrier operations are within House
Bill No. 25, Chapter 290, Acts of
the 47th Legislature, page 463.

Dear Sir:

Your request letter of February 12, 1942, reads as follows:

"1. Wholesale Grocery Company 'A' has its place of business in Laredo, Texas. It buys a particular commodity from distributor 'B' of this commodity in Houston, Texas. This commodity is always sold at a fixed price f.o.b. destination, which in this case is Laredo, Texas. Wholesale Company 'A' sends its own private trucks of which it is the bona fide owner to Houston and transports the commodity which it has purchased to its wholesale house in Laredo. Subsequently distributor 'B' will credit Wholesale Company 'A' with an amount equal to the freight rate on the commodity transported from Houston to Laredo.

"2. Oil Company 'A' at Houston, Texas, will enter into a written contract with a second party hereinafter called 'B' whereby 'B' agrees to distribute the petroleum products of oil company 'A' in a limited territory. 'B' is the bona fide owner of the motor vehicle used for distribution. Oil Company 'A' pays 'B' a commission or fixed price for making the distribution.

"Based upon the foregoing facts please give us your opinion on the following:

"(1) In No. 1 above, is Wholesale Company 'A' operating for hire, and if so, is it exempted from regulation and/or prosecution by this Commission because of the terms and provisions of House Bill No. 25, Acts of the 47th Legislature, 1941, which amends Section 1 of Article 911b, which is commonly known as the Private Carrier Act?

Hon. James E. Kilday, page 2   (O-4429)


"(2)   In No. 1 above, is distributor 'B' guilty of violating the Motor Carrier Act in the way of aiding and abetting, or is it exempt because of House Bill No. 25, supra.

"(3)   In No. 2 above, is Oil Company 'A' conducting a for hire motor vehicle operation in violation of the Motor Carrier Law of Texas or is such operation exempted by House Bill No. 25, supra?

"(4)   In No. 2 above, is 'B' guilty of violating the Motor Carrier Law of Texas, or is it exempted by House Bill 25, supra?

The trucks used by Wholesale Grocery Company "A" as described in your first hypothetical fact situation, are, in our opinion, within the definition of a contract carrier contained in the motor carrier law and are subject to the provisions of Article 911b, Vernon's Annotated Civil Statutes, under the case of New Way Lumber Company vs. Smith, 96 S.W.(2d) 282, by the Supreme Court of Texas.  In this case the Supreme Court said:

"Under the facts stated here the carrying of lumber owned by the company in its own trucks does not exempt it from the provisions of this law.  This is not a case where the trucks are operated exclusively within the incorporated limits of a town or city; nor is it a case where the price of the goods delivered is the same as those undelivered.  On the contrary, it is clearly a case where the price of the lumber includes a direct charge for the delivery thereof.  The carrying charge is based directly on the distance traveled and the weight of the truck.  Since the company receives compensation for the delivery of the lumber, it clearly appears that the trucks used come under the definition of a 'contract carrier,' and are subject to the provisions of Article 911b."

House Bill No. 25, Acts of the 47th Legislature, provides that the terms "motor carrier" and "contract carrier" as defined in the original motor carrier act, should not include the following:

"(a)   Any person having a regular, separate, fixed, and established place of business, other than a transportation business, where goods, wares, and merchandise are kept in stock and are primarily and regularly bought from the public or sold to the public or manufactured or processed by such person in the ordinary course of the mercantile, manufacturing, or processing business, and who,

merely incidental to the operation of such business, transports over the highways of this State such goods of which such person is the bona fide owner by means of a motor vehicle of which such person is the bona fide owner;"

For Wholesale Company "A," and the trucks it uses in the manner described by you, to be within the above exception and therefore without the definition of a contract carrier and the New Way Lumber Company case, supra, it must, among other things, keep merchandise in stock "primarily and regularly bought from the public or sold to the public." From your statement it would appear that Wholesale Grocery Company "A" does not meet this condition. A wholesale grocery company does not keep merchandise in stock primarily and regularly bought from the public nor does it keep merchandise in stock primarily and regularly sold to the public. It is common knowledge that wholesale grocery companies sell to retailers and not to the public.

In consequence, House Bill No. 25 does not exempt wholesale grocery company "A" from the operation of the motor carrier law as decided by the Supreme Court in the New Way Lumber Company case.

In answer to your second question, it is our opinion that the Distributor is not exempt under House Bill No. 25.

The following provisions of House Bill No. 25 are applicable to the hypothetical fact situation secondly described in your letter:

"(c) Where merely incidental to a regular, separate, fixed, and established business, other than a transportation business, the transportation of employees, petroleum products, and incidental supplies used or sold in connection with the wholesale or retail sale of such petroleum products from the refinery or place of production or place of storage to the place of storage or place of sale and distribution to the ultimate consumer, in a motor vehicle owned and used exclusively by the bona fide consignee or agent or such single marketer or refiner; as well as where merely incidental to a regular, separate, fixed and established business, other than a transportation business, the transportation of petroleum, employees, material, supplies, and equipment for use in the departments of the petroleum business by the bona fide owner thereof in a vehicle of which he is the bona fide owner; bona fide consignee or agent as used herein being hereby defined and construed, for the purpose of this Act, to mean a person under contract with a single principal to distribute

petroleum products in a limited territory and only for such single principal;"

Assuming, about which you do not state, that Distributor "B" is under contract with Oil Company "A" only, all of the conditions prescribed in this Section of House Bill No. 25 exist in reference to Oil Company "A" and Distributor "B". Your third and fourth questions are therefore answered in the affirmative; that is, that Oil Company "A" and Distributor "B" are exempt under House Bill No. 25.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Zollie C. Steakley

Zollie C. Steakley, Assistant

APPROVED FEB 24, 1942
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

ZCS:ej:wb